UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **NICOLE RYAN** | : | Case No. 1:12-cv-730 |
| 4925 Forest Ave., #1 | : | |
| Norwood, Ohio 45212 | : | Judge |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | **COMPLAINT FOR DAMAGES AND** |
| | : | **INJUNCTIVE RELIEF;** |
| **CITY OF NORWOOD, OHIO** | : | |
| 4645 Montgomery Road | : | **JURY DEMAND ENDORSED HEREON** |
| Norwood, Ohio 45212, | : | |
| | : | |
| & | : | |
| | : | |
| **THOMAS WILLIAMS**, in his individual | : | |
| and official capacity | : | |
| Mayor of Norwood, Ohio | : | |
| 4645 Montgomery Road | : | |
| Norwood, OH 45212 | : | |
| | : | |
| & | : | |
| | : | |
| **WILLIAM KRAMER**, in his individual | : | |
| and official capacity | : | |
| Norwood Chief of Police | : | |
| 4701 Montgomery Rd. | : | |
| Norwood, OH 45212 | : | |
| | : | |
| & | : | |
| | : | |
| **GERRY STOKER**, in his individual and | : | |
| official capacity | : | |
| Building Commissioner of the City of | : | |
| Norwood | : | |
| 4645 Montgomery Road | : | |
| Norwood, Ohio 45212, | : | |
| | : | |
| & | : | |
| | : | |
| **RICHARD KRUMMEN**, in his individual | : | |
| and official capacity | : | |

1

| | |
|---|---|
| **City of Norwood Police Department** | : |
| **4645 Montgomery Road** | : |
| **Norwood, Ohio 45212,** | : |
| | : |
| **&** | : |
| | : |
| **RYAN HARRISON, in his individual and** | : |
| **official capacity** | : |
| **City of Norwood Police Department** | : |
| **4645 Montgomery Road** | : |
| **Norwood, Ohio 45212,** | : |
| | : |
|          **Defendants.** | |

## INTRODUCTION

1. This is a civil rights case against the City of Norwood and its officials who deprived Nicole Ryan of her rights when Defendants arrested her and forcibly evicted her and her family from their home without due process. After refusing to allow Ms. Ryan to pay the current water bill her landlord failed to pay, Norwood ordered a pre-dawn raid of her home by Norwood police officers. The police, without a warrant or probable cause, entered her home and arrested and handcuffed Ms. Ryan in front of her crying children. She was arrested for criminal trespass in her own home. Norwood police forced the family to leave the home and followed them until they left the city limits. These actions are part of a policy and practice of Norwood to harass, seize, arrest, or forcibly vacate tenants from rental property without due process of law. Ms. Ryan brings this case seeking an end to Norwood's unconstitutional actions and fair compensation, including damages.

## VENUE AND SUBJECT MATTER JURISDICTION

2. Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter jurisdiction over Plaintiff's claims arising under 42 U.S.C. §1983 and the United States Constitution.

3. The Court has supplemental subject matter jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. §1367. Plaintiff's state law claims and civil rights claims arise under same case or controversy, specifically Defendants' conduct in arresting Plaintiff, threatening to take her children, and demanding she leave her home without due process of law. There are no novel or complex issues of state law, and Ms. Ryan's state law claims do not substantially predominate over her claims under 42 U.S.C. §1983.

4. Venue is proper under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio.

5. Venue is proper in that Plaintiff lives in Hamilton County, Ohio, and all Defendants are located or employed within Hamilton County, Ohio.

**PARTIES**

6. Plaintiff Nicole Ryan ("Ms. Ryan") lived in a leased apartment ("Apartment") at 4925 Forest Ave., Norwood, OH, for approximately four years. Her family recently moved to a new house in Norwood. She is a life-long resident of Norwood. Ms. Ryan is a tenant within the definition of Ohio Revised Code §5321.01.

7. Defendant City of Norwood, Ohio ("Norwood") is a unit of local government organized under the laws of the state of Ohio.

8. Defendant Thomas Williams is the Mayor of the City of Norwood. Mr. Williams is responsible for setting policy for and managing all aspects of Norwood's government. Mr. Williams initiated and directs the Keeping Our Properties Safe (KOPS) program in an effort to eliminate nuisance and blighted properties in the city. The KOPS program includes the unconstitutional and tortious policies and practices complained of in this action. Mr. Williams is sued in his individual and official capacity in this complaint.

9. Defendant William Kramer is the Chief of Police for the City of Norwood. Mr. Kramer is responsible for setting policy for and managing the Norwood Police Department. Mr. Kramer is sued in his individual and official capacity in this complaint.

10. Defendant Gerry Stoker is the Building Commissioner of the City of Norwood. Mr. Stoker is responsible for the overall operation of Norwood's Building Department. Upon information and belief, Mr. Stoker issued the vacate order against Ms. Ryan and conspired with the Police Department to harass and threaten Ms. Ryan and her family with arrest and criminal prosecution if they did not immediately vacate their apartment unit. Mr. Stoker is sued in his individual and official capacity in this complaint.

11. Defendant Richard Krummen was at all times relevant to this action a police officer employed by the City of Norwood. Officer Krummen is sued in his individual and official capacity in this complaint.

12. Defendant Ryan Harrison was at all times relevant to this action a police officer employed by the City of Norwood. Officer Harrison is sued in his individual and official capacity in this complaint

13. All Defendants are state actors and were acting under color of law at all times relevant to the allegations in this Complaint.

## FACTUAL BACKGROUND

14. Ms. Ryan and her family lived at 4925 Forest Ave, #1 for approximately four years from 2007 to 2011.

15. Ms. Ryan lived on the first floor of this three unit apartment building.

16. Ms. Ryan's landlord at 4925 Forest #1 was Tom Vires. Under Ms. Ryan's lease, Mr. Vires was responsible for maintaining water service to the building. Water service is

4

provided by the City of Norwood. Upon information and belief, Mr. Vires became delinquent in the payment of the water bill .

17. On or about August 30, 2011, a city employee came to Ms. Ryan's home and told her mother that the water would be shut off in the next week if the water bill was not paid. This was the first time that Ms. Ryan had learned that the water bill for the building was delinquent. Defendants failed to provide Ms. Ryan with written notice as to the shut off date, the past due amount, or how she could maintain water service.

18. The following day, on or about August 31, 2011, the City of Norwood disconnected water service to her home.

19. Ms. Ryan and her mother immediately called the Norwood Water Department and the Mayor's Office. Ms. Ryan's mother reached the Mayor's office and explained they had nowhere else to go, and offered to pay current charges to restore the water service.

20. The Norwood Water Department refused to turn on the water unless Ms. Ryan paid her landlord's delinquent bill in full, which was over $3,000. The Mayor's office told Ms. Ryan's mother that there was nothing the Mayor could do and that this was Norwood's regular practice.

21. Ms. Ryan immediately began making arrangements to move and found a new home, but was told by the owner that it would not be ready until September 16, 2011.

22. In the meantime, Ms. Ryan brought in potable water from outside sources, and made arrangements for her family to bathe at the homes of friends and relatives.

23. On September 8, 2011, Norwood posted an "Order to Vacate" on the front door of the building. The Order to Vacate stated that Ms. Ryan and her family had to leave their home

by 5:00 p.m. that same day.  Norwood provided Ms. Ryan with no due process or right to contest the order to vacate by 5:00 p.m.

24. At no time prior to issuing the Order to Vacate did Defendants give Ms. Ryan notice that lack of running water was a violation of the Norwood Property Maintenance Code, give Ms. Ryan a reasonable opportunity to correct the violation, or issue an adjudication order or file a complaint in Mayor's Court, as required by Norwood Code 1331.09.

25. Ms. Ryan had nowhere else to go, but was afraid of being arrested.  She contacted the Legal Aid Society of Southwest Ohio, LLC ("Legal Aid") for assistance.

26. On September 8, 2011, an attorney with Legal Aid, Brian Howe, contacted the Assistant Law Director for Norwood, Chris Brown.  During that conversation, Norwood's attorney learned that Ms. Ryan was looking for other housing and that she was ready, willing and able to pay the current water charges to restore the water service.

27. Mr. Brown would not allow Ms. Ryan to restore water by paying current charges, but made assurances that no one was going to be arrested or harassed while Ms. Ryan made moving arrangements.

28. The Law Director has the authority to take appropriate action to correct a violation by the City of Norwood of the Norwood Code pursuant to Norwood Code 1331.09 (i). Ms. Ryan's attorney confirmed Mr. Brown's assurances in writing.

29. On or about September 16, 2011, Ms. Ryan learned that her new apartment was not yet ready.  The landlord explained that it would be another week or two before she could move in.

30. On September 28, 2011, at about 10:00 a.m., Defendant Officer Krummen came to Ms. Ryan's home with city building inspectors Jim Shelby and Charles Russ.  They entered

without a warrant, probable cause, or permission. Defendant Krummen handcuffed Ms. Ryan's uncle and brother who were visiting with Ms. Ryan's permission.

31. Building officials Jim Shelby and Charles Russ entered the home without written consent and without a search warrant in violation of NPMC section 1331.07 (b), which requires code officials to obtain written consent of the occupant or a search warrant before inspecting.

32. Defendant Krummen took Ms. Ryan's uncle and brother to the Norwood police station, and charged them with criminal trespass without probable cause.

33. On the afternoon of September 28, 2011, Mr. Howe contacted Mr. Brown regarding the arrests. Mr. Brown agreed that if Ms. Ryan paid $125.00 to the Norwood Water Department the following morning, the city would restore water service and rescind the vacate order. Mr. Brown assured Mr. Howe that no one would be arrested or harassed in the meantime, and that Norwood would not make any attempts to enforce the vacate order. This agreement was confirmed in a letter by Mr. Howe faxed and emailed to Mr. Brown and Norwood officials that afternoon.

34. At approximately 4:00 a.m. the following morning, Ms. Ryan was startled awake by loud pounding on the front door of her home. When she opened the door, Norwood police officers, Krummen and Harrison forced their way into her home without probable cause, a warrant, or permission. The officers walked through the home and went to the back door to let in additional officers Spille, and Keuffer. By then Ms. Ryan's family was awake.

35. Defendant Krummen handcuffed Ms. Ryan, placed her under arrest for criminal trespass, dragged her outside in front of her crying children, and locked her in the back of a squad car.

7

36. Defendants Krummen and Harrison arrested the four other adults in Ms. Ryan's home for criminal trespass.

37. Defendants Krummen and Harrison had no warrant and no probable cause to seize or arrest Ms. Ryan or the adults in her home for criminal trespass. Defendants knew she was the lawful tenant of the property.

38. No emergency or special need to evict without due process existed at the time Defendants arrested Ms. Ryan and her family.

39. The decision to forcibly evict Ms. Ryan and her family by arrest for trespassing was made by police officers Krummen and Harrison who had authority to do so pursuant to Norwood's policies. Neither police officers Krummen nor Harrison are Norwood Code Officials with the authority to enforce the Norwood Property Maintenance Code or with the authority to order an emergency eviction under Code section 1331.12.

40. There was no objectively reasonable evidence that police officers Krummen and Harrison believed the lack of city water posed an immediate danger to Ms. Ryan, her family, or the public.

41. Ms. Ryan explained to Defendant Krummen that this was a mistake and that her attorney and Mr. Brown had worked everything out. She attempted to show him an email she had on her cell phone that was from her attorney to Mr. Brown confirming that payment could be made later that morning.

42. Defendant Krummen responded that Mr. Brown did not have any authority over the police.

43. Officers Krummen and Harrison cited Ms. Ryan for criminal trespass in her own home, and told her that her family had to leave her home immediately. Ms. Ryan was uncuffed and allowed to go briefly back into her home to obtain some possessions.

44. Ms. Ryan gathered some clothes and her children, and got into her car. One of the Defendant police officers followed her to the Norwood city limits. When the water department opened for business, Ms. Ryan returned to Norwood and paid the city water department $125.00 as she had promised, and the water service was restored later that day. The City of Norwood credited only $25 for the water bill and credited the rest of the payment for sewer and garbage bills.

45. After the water service was restored, Ms. Ryan and her family returned to the apartment. She continued to pay Norwood for the water service until she moved from the premises.

46. Even after the water was restored, Ms. Ryan and her family lived in constant fear of being harassed or arrested for trespass in their own home. Despite recently moving to her new home in Norwood, Ms. Ryan still fears this harassment.

47. Norwood later dismissed the criminal charges against Ms. Ryan and her family members.

48. Defendant City of Norwood had a policy and custom of having its employees forcibly remove citizens from their homes without probable cause or providing due process. This policy and custom was a moving force behind the Defendants actions in this case. Norwood's policy and custom of having its employees forcibly remove citizens from their homes without probable cause or providing due process was deliberately indifferent to the rights

of citizens that the City of Norwood police would likely encounter, such as Nicole Ryan and her family.

49. Defendant City of Norwood's failure to train and supervise its employees regarding the need to have probable cause to arrest and prosecute, and the need to provide citizens with due process before forcibly removing them from their home was a moving force behind the Defendants actions in this case. Norwood's failure to train and supervise its police and building department employees was deliberately indifferent to the rights of citizens that the City of Norwood police would likely encounter, such as Nicole Ryan and her family.

50. As a result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, emotional distress, anxiety and fear.

## COUNT ONE
### (Unreasonable Search and Seizure)
### (U.S. Const. 4th Am., 42 U.S.C. § 1983)

51. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully pleaded herein.

52. Defendants are state actors and acted under color of law as to the matters set forth above with the intent to deprive Plaintiff of her constitutional rights to be free from unreasonable search and seizure.

53. Plaintiff was arrested for criminal trespass while she slept in her own home. Plaintiff was arrested despite assurances from the assistant law director for Norwood that she would not be arrested. There was no warrant for Ms. Ryan's arrest, nor was there probable cause that the crime of trespass was being committed at the time of her arrest. In performing the arrest of Plaintiff and in their actions following the arrest, Defendants, Krummen, Harrison, and the City of Norwood and their agents acted without probable cause, unreasonably, negligently,

intentionally, maliciously, sadistically, recklessly, knowingly, with deliberate indifference, in a manner that shocks the conscience and in a wanton and willful manner.

54. Defendants Norwood, Krummen, and Harrison, acts and omissions as stated above deprived Plaintiff of her right to be free from unreasonable searches and seizures as required by the Fourth Amendment to the United States Constitution.

55. Defendants Krummen, Harrison and Norwood acted pursuant to a policy, pattern, practice, or custom of Norwood to seize, arrest, or forcibly vacate tenants from rental property without due process when Norwood finds the tenants or property to be undesirable. This policy was a moving force behind these violations.

## COUNT TWO
### (Substantive Due Process Violation)
### (U.S. Const. 14th Am., 42 U.S.C. § 1983)

56. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully pleaded herein.

57. Defendants are state actors and acted under color of law as to the matters set forth above and acted with the intent to deprive Plaintiff of her constitutional right to due process in her protected liberty and property interests.

58. Plaintiff has a significant liberty interest in being left in peace in her own home and a significant property interest in continued residency in her home and in the City of Norwood. Defendants acted without probable cause, unreasonably, negligently, intentionally, maliciously, sadistically, recklessly, knowingly, with deliberate indifference, in a manner that shocks the conscience and in a wanton and willful manner. Defendant Norwood failed to train and supervise its employees. As a result of all Defendants' actions, Defendants deprived Ms.

Ryan of her liberty and property rights without due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

59.     Defendants' acts and omissions as stated above constitute a policy, pattern, practice, or custom that deprived Plaintiff of her rights.  Defendants acted pursuant to a policy, pattern, practice, or custom of Norwood to seize, arrest, or forcibly vacate tenants from rental property without due process when Norwood finds the tenant or the property to be undesirable.  This policy was a moving force behind these violations.

**COUNT THREE**
**(Procedural Due Process Violation)**
**(U.S. Const. 14th Am., 42 U.S.C. § 1983)**

60.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully pleaded herein.

61.     Defendants are state actors and acted under color of law as to the matters set forth above with the intent to deprive Plaintiff of her constitutional right to due process in her protected liberty and property interests.

62.     Plaintiff has a significant liberty and property interests as stated above which are subject to the requirements of due process.  Due process requires adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner.

63.     Defendants denied Plaintiff her right to continued residency in her home without adequate notice or any opportunity to be heard.  These actions violate the Due Process Clause of the Fourteenth Amendment.

64.     Defendants acted without probable cause, unreasonably, negligently, intentionally, maliciously, sadistically, recklessly, knowingly, with deliberate indifference, in a manner that shocks the conscience and in a wanton and willful manner.  Defendants deprived

Ms. Ryan of her property rights without procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

65. Defendants acted pursuant to a policy, pattern, practice, or custom of Norwood to seize, arrest, or forcibly vacate tenants from rental property without due process when Norwood finds the tenant or the property to be undesirable. This policy was a moving force behind these violations.

## COUNT FOUR
**(Intentional Infliction of Emotional Distress)**

66. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully pleaded herein.

67. Defendants' conduct, including but not limited to conducting an early morning raid should be regarded as atrocious and utterly intolerable in a civilized community. Defendants' conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

68. Defendants' conduct as described above was intended to cause Ms. Ryan serious emotional harm, or done in reckless disregard for the serious emotional harm that would result.

69. As a direct and proximate result of Defendants' reckless and/or intentional infliction of emotional distress, by outrageous actions, Plaintiff has suffered insult, humiliation and serious and severe emotional distress, and is entitled to actual, compensatory and punitive damages in an amount to be determined at trial.

## COUNT SIX
**(Malicious Prosecution)**

70. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully pleaded herein.

71. Defendants Norwood, Krummen and Harrison intentionally prosecuted Plaintiff with malice, for an improper purpose or a purpose other than bringing an offender to justice, and the prosecution was terminated in Plaintiff's favor.

## JURY DEMAND

Plaintiff requests a jury trial on all claims triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to:

a. Declare unconstitutional and unlawful Defendants' violations of Plaintiff's rights under federal law;

b. Preliminarily and permanently enjoin Defendants from unlawfully seizing Plaintiff, and unlawfully vacating Plaintiff and her family from their home;

c. Award Plaintiff actual and compensatory damages in an amount to be determined at trial on all claims;

d. Award Plaintiff punitive damages against all Defendants except the City of Norwood in an amount to be determined at trial;

e. Award Plaintiff all other damages, costs, interest and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, and otherwise allowed by federal law or Ohio law; and

f. Grant all other relief that the Court finds just and equitable.

    Respectfully submitted,

    /s/ Jennifer L. Branch
    Jennifer L. Branch (0038893)
    Trial Attorney for Plaintiff
    GERHARDSTEIN & BRANCH Co. LPA
    Alphonse A. Gerhardstein (0032053)

Attorney for Plaintiff
432 Walnut Street, Suite 400
Cincinnati, Ohio 45202
Tel (513) 621-9100
Fax (513) 345-5543
jbranch@gbfirm.com
agerhardstein@gbfirm.com


/s/ Nicholas J. DiNardo
Nicholas J. DiNardo (0069544)
Brian Howe (0086517)
Attorneys for Plaintiff
Legal Aid Society of Southwest Ohio, LLC
215 East 9th Street, Suite 500
Cincinnati, Ohio  45202
(513) 241-9400
(513) 241-0047 (fax)
ndinardo@lascinti.org
bhowe@lascinti.org